**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

BRENDA R. P.,                                          )
                                                       )
    Plaintiff,                                         )
                                                       )
v.                                                     )
                                                       )    Case No. 25-cv-00152-SH
                                                       )
FRANK BISIGNANO,[1]                                    )
Commissioner of Social Security,                       )
                                                       )
    Defendant.                                         )

**<u>OPINION AND ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Brenda R. P. seeks judicial review of the

decision of the Commissioner of Social Security ("Commissioner") denying her claim for

benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 402–

434, 1381–1383f.  In accordance with 28 U.S.C. § 636(c), the parties have consented to

proceed before a United States Magistrate Judge.  For the reasons explained below, the

Court affirms the Commissioner's decision.

**I.      Disability Determination and Standard of Review**

Under the Act, a "disability" is defined as an "inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for

a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also id.*

§ 1382c(a)(3)(A) (regarding disabled individuals).  The impairment(s) must be "of such

severity that [the claimant] is not only unable to do his previous work but cannot,

---

[1] Effective May 7, 2025, pursuant to Fed. R. Civ. P. 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

considering [their] age, education, and work experience, engage in any other kinds of substantial gainful work which exists in the national economy . . . ." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Social Security regulations implement a five-step sequential process to evaluate disability claims.  20 C.F.R.  § 404.1520.[2]  To determine whether a claimant is disabled, the Commissioner inquires into: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe medically determinable impairment(s); (3) whether the impairment(s) meets or equals a listed impairment from 20 C.F.R.  Pt. 404, Subpt. P, App. 1; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the claimant can still do their past relevant work; and (5) considering the RFC and other factors, whether the claimant can perform other work.  *Id.* § 404.1520(a)(4)(i)–(v).  Generally, the claimant bears the burden of proof for the first four steps.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At the fifth step, the burden shifts to the Commissioner to provide evidence that other work the claimant can do exists in significant numbers in the national economy.  20 C.F.R. § 404.1560(c)(2).[3]  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Judicial review of the Commissioner's final decision is limited to determining whether the Commissioner has applied the correct legal standards and whether the

---

[2] *See generally* 20 C.F.R. § 416.920 for Title XVI.  Where possible, the body of this opinion will reference the Title II regulations and provide, the first time mentioned, a parallel citation to Title XVI.

[3] *See generally* 20 C.F.R. § 416.960 for Title XVI.

decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). It is more than a scintilla but means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Grogan*, 399 F.3d at 1262, but it will neither reweigh the evidence nor substitute its judgment for that of the Commissioner, *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). Even if the court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir.1991)).

## II.    **Background and Procedural History**

Plaintiff applied for disability insurance benefits and supplementary income with a protective filing date of March 22, 2022. (R. 248–59.) Plaintiff claimed she had been unable to work since June 10, 2016,[4] due to conditions including neuropathy and fibromyalgia. (R. 257, 316.) Plaintiff was 62 years old on the date of the Administrative Law Judge's ("ALJ") decision. (R. 34, 250.) Plaintiff has one year of college education. (R. 50)

Plaintiff's claims were denied initially and on reconsideration. (R. 92–107.) Plaintiff then requested and received a hearing before an ALJ. (R. 42–64, 157–158.) The

---

[4] In other places, Plaintiff asserted her disability began on March 10, 2010, or March 10, 2020. (R. 250, 316.)

ALJ denied benefits and found Plaintiff not disabled. (R. 26–34.) The Appeals Council denied review on December 18, 2024 (R. 1–6), rendering the Commissioner's decision final, 20 C.F.R. § 404.981.[5] Plaintiff now appeals.

### III.    The ALJ's Decision

In his decision, the ALJ found Plaintiff met the insured requirements for Title II purposes through March 31, 2025. (R. 28.) The ALJ then found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 10, 2016. (*Id.*) At step two, the ALJ found Plaintiff to have the following severe impairments: degenerative disc disease, peripheral neuropathy, and fibromyalgia. (R. 28–30.) At step three, the ALJ found Plaintiff's impairments did not meet or equal a listed impairment. (R. 30.)

The ALJ then determined that Plaintiff had the RFC to perform light work "except with never climbing ladders, ropes or scaffolds, frequently reaching bilaterally, and frequently handling and fingering with the right upper extremity." (*Id.*) The ALJ provided a recitation of the evidence that went into this finding. (R. 30–33.) Following the hearing, the vocational expert ("VE") completed an interrogatory, opining that Plaintiff's prior work experience equated to the jobs of administrative clerk, fast food worker, and garment sorter. (R. 421.) At step four, the ALJ found these jobs to be Plaintiff's past relevant work. (R. 33.) The ALJ further credited the VE's opinion that someone of Plaintiff's age, education, work experience, and RFC would be able to perform the jobs of administrative clerk and garment sorter. (*Id.*; R. 422.) Consequently, the ALJ found Plaintiff not disabled. (R. 33.)

---

[5] *See generally* 20 C.F.R. § 416.1481 for Title XVI.

### IV.    Issues

On appeal, Plaintiff argues (1) the ALJ erred at step four in determining that the administrative clerk and garment sorter jobs qualified as past relevant work (Dkt. No. 12 at 6–8); and (2) the ALJ erred by failing to discuss significant probative medical evidence that conflicted with his findings (*id.* 8–9).[6]

### V.    Analysis

#### A.    Plaintiff's Past Relevant Work

Plaintiff first argues the ALJ erred at step four. "At step four, the ALJ engages in a comparative assessment of the claimant's residual functional capacity and the demands of the work the claimant has done in the past to determine whether the claimant can do [their] past relevant work." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). As with the first three steps, Plaintiff bears the burden of establishing a prima facie case of disability at step four. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *see also Adams v. Colvin*, 616 F. App'x 393, 394 (10th Cir. 2015) (noting it is the claimant's "burden to establish that she is unable to perform her past relevant work . . . *both* as she actually performed that work in the past *and* as it is generally performed in the national

---

[6] Plaintiff's Complaint alleges other purported errors. (Dkt. No. 2.) The Court, however, does not consider arguments not contained in the parties' briefs. *See* Supp. R. for Social Security, R. 5 ("The action is presented for decision by the parties' briefs."). The "district court serves as a first-tier appellate court in social security cases." *Allen v. Comm'r of Soc. Sec. Admin.*, No. CIV-20-042-JFH-KEW, 2021 WL 1133150, at *3 n.2 (E.D. Okla. Mar. 1, 2021), *R&R adopted,* 2021 WL 1123613 (E.D. Okla. Mar. 24, 2021) (citation modified). As such, the court generally declines "to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief," and "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (collecting cases).

economy").[7]  If a claimant can still do her past relevant work, she is not disabled.  20 C.F.R. § 404.1520(a)(4)(iv)).

Here, Plaintiff does not argue that she could not perform the jobs of administrative clerk and garment sorter.  Instead, she argues that these jobs did not constitute substantial gainful activity and therefore could not qualify as past relevant work.  (Dkt. No. 12 at 7.)  Under the regulations in effect at the time of the ALJ's decision,[8] past relevant work is "work that [the claimant has] done within the past 15 years that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  20 C.F.R. § 404.1560(b)(1) (2024).  Plaintiff only attacks the ALJ's finding that these jobs constituted substantial gainful activity.  (Dkt. No. 12 at 7.)

Substantial gainful activity means work that is both substantial and gainful.  20 C.F.R. § 404.1572.[9]  The primary consideration is the earnings from that activity.  *Id.* § 404.1574(a)(1).[10]  If a claimant's monthly earnings exceed a prescribed threshold, substantial gainful activity will be found.  *Id.* § 404.1574(b)(2).  Plaintiff's prior work as a garment sorter occurred in 2014 and 2015, while her work as an administrative clerk occurred from 2018 to 2020.  (R. 317, 322.)  For those years, the monthly income thresholds were as follows:

---

[7] Unpublished decisions are not precedential, but they may be cited for their persuasive value.  10th Cir. R. 32.1(A).

[8] The applicable regulations were amended effective June 22, 2024.  *See Immediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work*, 89 Fed. Reg. 27653 (Apr. 18, 2024); 89 Fed. Reg. 48138 (June 5, 2024) (deferring the effective date from June 8, 2024, to June 22, 2024).  The new regulations, not applicable here, shorten the lookback period for past relevant work to five years and added other requirements.  *See, e.g.,* 89 Fed. Reg. at 27655.

[9] *See generally* 20 C.F.R. § 416.972 for Title XVI.

[10] *See generally* 20 C.F.R. § 416.974 for Title XVI.

| Year | Threshold |
|------|-----------|
| 2014 | $1,070.00 |
| 2015 | $1,090.00 |
| 2016 | $1,130.00 |
| . . . | . . . |
| 2018 | $1,180.00 |
| 2019 | $1,220.00 |
| 2020 | $1,260.00 |

*Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity*,

Program Operations Manual System ("POMS"), DI 10501.015(B).

The ALJ erred in finding the administrative clerk job constituted substantial gainful activity but correctly found the garment sorter job to meet the required threshold. Plaintiff worked at Ability Resources (or Grand Gateway Economic Development Association)[11] as an administrative clerk from February 2018 to October 2020. (R. 401.) Plaintiff earned $6,494.20 for the 11 months of 2018; $10,063.01 for the full year 2019; and $6,713.50 for the 10 months in 2020. (R. 275–76.) This averages to a monthly amount of $590.38 in 2018, $838.58 in 2019, and $671.35 in 2020, all less than the threshold.

In 2014, Plaintiff worked seven months at Salvation Army as a garment sorter (R. 322, 337) and earned $5,329.41 (R. 273). This results in an average monthly income of $761.34, below the threshold. However, Plaintiff also worked as a garment sorter for American Way for eight months, four in 2014 and four in 2015. (R. 322, 377.) She earned $4,411.75 from American Way in 2014, and $5,231.25 in 2015. (R. 273.) This results in an average monthly income of $1,102.94 in 2014 and $1,307.81 in 2015, both exceeding the threshold for substantial gainful activity. This alone is sufficient to find substantial

---

[11] Plaintiff lists her employer from 2018 to 2020 as "Ability Resources." (R. 410.) However, the record indicates that her sole employer during that period was "Grand Gateway Economic Development." (R. 275–76.)

7

evidence supporting the ALJ's decision. *See Kilpatrick v. Astrue*, 502 F. App'x 801, 806 (10th Cir. 2012) (plaintiff's argument that one job was not past relevant work is "moot" when plaintiff could perform other job that qualified as past relevant work).

### B.    The ALJ's Discussion of Probative Medical Evidence

Plaintiff's second argument focuses on the ALJ's discussion of probative medical evidence. Specifically, Plaintiff argues that the ALJ failed to acknowledge that Plaintiff experienced central canal and neuroforaminal stenosis; neuroforaminal encroachment; diminished sensation, reflexes, and pulses in her extremities; hypertonicity and tenderness in her lower back; abnormal gait and limited balance; difficulty changing positions; and limited finger mobility. (Dkt. No. 12 at 8–9.) Plaintiff provides little to no detail about the allegedly overlooked medical findings, instead giving a long string cite to the record. (*Id.*) The Court finds the ALJ did not err in his consideration of the evidence.

"The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). However, the ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010; *see also Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (stating the claimant "points to evidence that she claims the ALJ failed to discuss, but the most part she does not say why it was significantly probative . . . ."). The RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

Here, the ALJ addressed Plaintiff's neuropathy, fibromyalgia, and degenerative disc disease (R. 28); her morbid obesity, irritable bowel syndrome, substance addiction

8

disorders, depression, and anxiety (R. 29); her back pain and tenderness, narrowing of the right foramen, balance difficulties, and decreased sensation in her extremities (R. 31); and her difficulty with the second digit of her right hand (R. 32). The ALJ discussed the limitations caused by these conditions and still found Plaintiff was "neurologically intact" and that she "exhibited full motor strength throughout, and she ambulated unassisted and normally . . . ." (R. 31 (citing R. 537).) The ALJ further noted that "gabapentin somewhat helps with her neuropathy symptoms," and Plaintiff "had zero issue with manipulative activities on exam, had only mild tenderness with otherwise intact range of motion, intact sensation without any evident sensory deficit, but she did exhibit some decreased range of motion in her cervical spine." (R. 31 (citing R. 679-80).) The ALJ further found Plaintiff had a "normal straight leg raise" and reported after surgery in 2022 that she was "overall doing 'great,' but still having 'some' pain if she moved her neck quickly." (R. 32 (citing R. 698, 893, 1086).) Based on these limitations, the ALJ found that Plaintiff had an RFC to perform a restricted range of light work (R. 30), which "involves only minimally strenuous activities," *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016) (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)). Those restrictions included that Plaintiff "never climb[] ladders, ropes or scaffolds, frequently reach[] bilaterally, and frequently handl[e] and finger[] with the right upper extremity." (R. 30.)

Contrary to Plaintiff's assertion, the Court finds the ALJ did more than pick and choose from the medical evidence to support an adverse decision. Plaintiff has pointed to no inconsistencies between the medical evidence in the record and the ALJ's conclusions, and the Court finds that the ALJ accounted for all of Plaintiff's functional limitations. *See Sarai S. v. Bisignano*, No. 24-CV-476-MTS, 2025 WL 3281425, at *6 (N.D. Okla. Nov. 25, 2025) (finding the ALJ did not err where the ALJ "considered

Plaintiff's subjective complaints of . . . severity, discussed Plaintiff's testimony, and the record evidence upon which she relied in determining the RFC.").

## VI.  Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED**.

**SO ORDERED** this 16th day of March, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT